UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LAVELLE TODD,

                      Petitioner,

                                                **ORDER**
            -against-                             14-CV-5830 (JMA)

MARK BRADT, Superintendent,

                      Respondent.
------------------------------------------------------------X

**AZRACK, United States District Judge:**

**I.**      **Introduction**

       On September 29, 2014, *pro se* petitioner Lavelle Todd ("petitioner") filed a petition ("petition") seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 15, 2015, petitioner filed an application for the appointment of *pro bono* counsel. For the reasons set forth below, petitioner's application is denied.

**II.**     **Discussion**

       "[T]here is no constitutional right to representation by counsel in habeas corpus proceedings." United States v. Yousef, 395 F.3d 76, 77 (2d Cir. 2005) (per curiam) (internal quotations marks and citation omitted); see also Wright v. West, 505 U.S. 277, 293, 112 S. Ct. 2482, 120 L. Ed. 2d 225 (1992) (recognizing that the Constitution does not guarantee the right to counsel on habeas review). Appointment of counsel in habeas corpus proceedings is governed by 18 U.S.C. § 3006A(a)(2)(B), which provides in relevant part that whenever the district court "determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section . . . 2254 . . . of title 28." 18 U.S.C. § 3006A(a)(2)(B). Although Rules 6(a) and 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts provide that an attorney must be appointed for a petitioner who otherwise qualifies

to have counsel appointed under § 3006A "[i]f necessary for effective discovery," and "[i]f an evidentiary hearing is warranted," respectively, the appointment of counsel at any other stage of a habeas corpus proceeding is discretionary.  See Villafane v. Artus, No. 09-CV-5545, 2011 WL 6835029, *27 (E.D.N.Y. Nov.17, 2011); Cordova-Diaz v. Brown, No. 10-CV-5133, 2011 WL 3665377, at *1 (S.D.N.Y. Aug.15, 2011).

A request for the appointment of counsel in a habeas corpus proceeding is analyzed in the same manner as any other application for the appointment of counsel in civil cases pursuant to 28 U.S.C. § 1915(e)(1).  See Razzoli v. U.S. Parole Comm'n, No. 10–CV–1842, 2010 WL 5027548, at *2 (E.D.N.Y. Dec. 2, 2010); Tarafa v. Artus, No. 10-CV-3870, 2010 WL 2545769, at *1 (S.D.N.Y. Nov. 17, 2011). When deciding whether to assign counsel to an indigent civil litigant under 28 U.S.C. § 1915(e)(1), the threshold inquiry is whether there is "some likelihood of merit" to the litigant's position. Johnston v. Maha, 606 F.3d 39, 41 (2d Cir. 2010) (internal citation and quotation marks omitted); see also Leftridge v. Conn. State Trooper Officer No. 1283, 640 F.3d 62, 68-69 (2d Cir. 2011) (holding that a motion for appointment of counsel is properly denied if the litigant's "chances of success are highly dubious"); Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986) (holding that "the district judge should first determine whether the indigent's position seems likely to be of substance").  "[C]ounsel should not be appointed in a case where the merits of the indigent's claim are thin and his chances of prevailing are therefore poor." Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001).

If the Court finds that the applicant's claim is of substance, it should next consider the following factors: "the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the

2

indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination." Hodge, 802 F.2d at 61-62; see also Carmona, 243 F.3d at 632 ("Only after an initial finding that a claim is likely one of substance" should the court "consider secondary factors such as the factual and legal complexity of the case, the ability of the litigant to navigate the legal minefield unassisted, and any other reason why in the particular case appointment of counsel would more probably lead to a just resolution of the dispute."). However, those factors are not restrictive and "[e]ach case must be decided on its own facts." Hodge, 802 F.2d at 61.

The appointment of counsel is not warranted in this case since, *inter alia*: (1) petitioner's claims seem unlikely to be of substance; (2) the legal issues presented in this proceeding are not particularly complex; (3) petitioner has adequately and competently set forth his claims in his petition; and (4) there is no special reason to appoint counsel. Accordingly, petitioner's request for the appointment of counsel is denied.

## III. Conclusion

For the reasons stated above, the petitioner's application for the appointment of counsel is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962).

**SO ORDERED.**

                                            /s/   (JMA)
                                        Joan M. Azrack
                                        United States District Judge

Dated: July 21, 2015
       Central Islip, New York